IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| FREDDERICK ALLEN MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-052 |
| | ) | |
| LELAND DUDEK, Acting Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant.[1] | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Fredderick Allen Martin appeals the decision of the Acting Commissioner of Social Security ("the Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

### I.   BACKGROUND

Plaintiff applied for DIB and SSI on May 30, 2017, alleging a disability onset date of February 4, 2015. Tr. ("R."), pp. 399-406, 432. Plaintiff was fifty years old at his application date

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the **CLERK** to substitute Leland Dudek, Acting Commissioner of Social Security Administration, as the proper Defendant.

and fifty-four years old on the final day of the relevant time period under consideration by the Administrative Law Judge ("ALJ") in the decision currently before the Court for review. R. 257, 1214. Plaintiff applied for benefits based on HIV, spinal stenosis, and bipolar disorder. R. 257-58, 436. Plaintiff completed three years of college, R. 437, and prior to his alleged disability date, had accrued a history of past relevant work that included: in-store demonstrator, management trainee, and waiter. R. 437, 1224.

The Social Security Administration denied Plaintiff's applications initially and on reconsideration. R. 317-28, 332-41. Plaintiff requested a hearing before an ALJ, R. 342-43, and the ALJ held a hearing on December 13, 2019. R. 220-55. On February 5, 2020, the ALJ issued an unfavorable decision. R. 204-19. After the Appeals Council ("AC") denied Plaintiff's request for review, R. 1-6, Plaintiff brought suit in this Court, Martin v. Kijakazi, CV 120-169, doc. no. 1 (S.D. Ga. Nov. 20, 2020). On January 27, 2022, the Court reversed the decision of the Commissioner and remanded the case for further proceedings at the Social Security Administration because the administrative decision was silent as to the consistency of the medical opinion of Dr. Nipun Patel. R. 1332-43.

Upon remand from this Court, the ALJ held a hearing on April 25, 2023, at which Plaintiff, represented by counsel, appeared and testified, as did a vocational expert ("VE"). R. 1236-69. On June 26, 2023, the ALJ issued a decision finding Plaintiff not disabled from February 4, 2015, through June 30, 2021.[2] R. 1210-35  Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2020, and has not engaged in substantial gainful

---

[2] In the meantime, on November 12, 2020, Plaintiff separately applied for, and was awarded, SSI benefits as of July 1, 2021. R. 1242-43; 1346; 1430-35.

       activity since February 4, 2015, the alleged onset date (20 C.F.R. 404.1571 *et seq*., and 416.971 *et seq*.).[3]

2. From February 4, 2015, through June 30, 2021, the claimant had the following severe impairments: lumbar spinal stenosis, COPD, stage III chronic kidney disease; status-post myocardial infarction; hypertension; [and] peripheral neuropathy (20 C.F.R. 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d). 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that from February 4, 2015, through June 30, 2021, the claimant had the residual functional capacity ("RFC") to perform the full range of medium work as defined in 20 C.F.R. 404.1567(c) and 416.967(c). Through June 30, 2021, the claimant could perform his past relevant work, categorized as light work, as a management trainee, demonstrator, and waiter. This work does not require the performance of work-related activities precluded by the claimant's RFC (20 C.F.R. 404.1565 and 416.965).

5. The ALJ also asked the VE whether, considering the claimant's age, education, work experience, and RFC for medium work, jobs existed in significant numbers in the national economy that the claimant could perform, which were identified as polisher, counter supply worker, and cleaner[4] (20 C.F.R. 404.1569, 404.1569(a), 416.969 and 416.969(a)). Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from February 4, 2015, through June 30, 2021. (20 C.F.R. 404.1520(g) and 416.920(g)).

R. 1217-26.

---

[3] To be eligible for DIB, Plaintiff must prove he became disabled prior to the expiration of his disability insured status, March 31, 2020, R. 433. See Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (*per curiam*). Because Plaintiff filed for DIB and SSI, the relevant time period under consideration is from the alleged onset date of February 4, 2015 to June 30, 2021, the day before SSI was awarded on his subsequent claim filed in November 2020. R. 1221; 1430-35.

[4] "Medium work" is defined as work that "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. §§ 404.1567(c) & 416.967(c).

When the AC denied Plaintiff's request for review, R. 1202-08, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues the ALJ's decision is not supported by substantial evidence because the results of a six-minute walk test do not show he had the ability to perform a full range of medium work following a March 2021 heart attack. See Pl.'s Br., doc. no. 12; Reply Br., doc. no. 18. The Commissioner maintains the administrative decision is supported by substantial evidence and should therefore be affirmed. See Comm'r's Br., doc. no. 17.

## II.   STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable

person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III.  DISCUSSION

The case should be remanded because the ALJ failed to provide a clear explanation as to how – after a March 2021 heart attack which required multiple shocks to return Plaintiff's heart to sustained activity, an emergency cardiac catheterization, and a four-day hospitalization – Plaintiff could perform a full range of medium work. The Commissioner does a thorough job of explaining why the Court should conclude the record supports an RFC for medium work up to the point of the March 2021 cardiac emergency, but he fails to address the crux of Plaintiff's argument:

the ALJ's reliance on an ability to walk over 1,500 feet in a six-minute walk test by the end of his cardiac rehabilitation in May of 2021 does not provide the requisite substantial evidence to support the conclusion Plaintiff had an RFC for the full range of medium work as of June 30, 2021, the relevant end date for the application under consideration.  See Pl.'s Br., p. 12 (citing Commissioner's regulations and Brightmon v. Soc. Sec. Admin., Comm'r, 743 F. App'x 347, 352 (11th Cir. 2018) (*per curiam*) to explain lifting, carrying, walking and standing requirements for performance of medium work)).[5]

### A. Step Four Framework for Formulating Plaintiff's RFC

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted).  Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012) (*per curiam*).  Limitations are divided into three categories:  (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing and pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating

---

[5]In conducting its analysis, the Court need not weigh in on Plaintiff's interpretation of what the results of the walking test show based on his interpretation of metabolic equivalents (METs), as there is no authority offered that any particular measurement must be considered by the ALJ. Rather, the Court considers whether the ALJ's explanation of the record evidence as a whole is supported by substantial evidence.

dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations.  Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (*per curiam*) (citing 20 C.F.R. § 404.1569a(b)-(d)).

### B. The ALJ Failed to Sufficiently Explain Her Rationale Supporting an RFC for a Full Range of Medium Work through June 30, 2021

Though the Court's review of the administrative decision is deferential, the "ALJ must state with at least some measure of clarity the grounds for her decision, and [the Court] will not affirm 'simply because some rationale might have supported the ALJ's conclusions.'" Brightmon, 743 F. App'x at 351 (citing Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011)). Stated otherwise, the Court is not to be a rubber stamp when reviewing the administrative record and must "scrutinize the record as a whole to determine whether the conclusions reached are rational." Winschel, 631 F.3d at 1179 (citation omitted). "A decision is not supported by substantial evidence if the ALJ 'reached the result that [she] did by focusing on one aspect of the evidence and ignoring other parts of the record." Brightmon, 743 F. App'x at 351 (citing McCruter, 791 F.2d at 1548).

Here, there is no dispute regarding Plaintiff's heart attack in March 2021. Indeed, the ALJ acknowledges Plaintiff went into ventricular tachycardia/fibrillation, collapsed, and was ultimately diagnosed with an ST elevated myocardial infarction (heart attack) and acute systolic heart failure that required placement of a stent and a four-day stay in the hospital. R. 1221 (citing Ex. 38F (R. 2722- 26)). The ALJ also acknowledged Plaintiff participated in cardiac rehabilitation in May of 2021, and specifically noted, "[T]he claimant walked over 1,500 feet in a six-minute walk test by the end of his cardiac rehabilitation." R. 1222 (citing Ex. 44F (R. 3299)). The ALJ referenced

7

this walk test multiple times to support the opinions of non-examining reviewers from 2017 and 2018 that Plaintiff could perform medium work and to discount the consistency of the opinion of examining physician Dr. Patel in 2017.  R. 1222 (citing Ex. 2A (R. 276-77); Ex. 6A (R. 312-14); Ex. 5F (R. 551-54)).

Notably, however, the walk test results do not cover the totality of the findings on the cardiac rehabilitation record cited by the ALJ and discussed in the Commissioner's briefing.  Comm'r's Br., pp. 9-10, 13.  The rehabilitation records also show Plaintiff was instructed to lift free weights of *three to five* pounds.  R. 3299 (Ex. 44F, p. 73).  This is consistent with other notes from the rehabilitation record which show Plaintiff lifting *four* pound weights.  R. 3089, 3143 (Ex. 42F, pp. 13, 67).  The ALJ cites to both of these exhibits in the administrative opinion, R. 1222, but does not mention the weight limitations, and certainly does not explain how such limitations are consistent with the requirement of medium work for an ability to lift 50 pounds, carry 25 pounds frequently – even if a person can walk, unencumbered, 1,500 feet in six minutes.  See 20 C.F.R. §§ 404.1567(c) & 416.967(b) (defining medium work as involving "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds").

Also, according to SSR 83-10, "[a] full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds."  SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983).  There is no explanation *why* walking 1,500 feet in six minutes supports the conclusion a claimant can meet the lifting, walking, and standing requirements for the full range of medium work, particularly where the rehabilitation record showing Plaintiff lifting *three to five* pounds also states Plaintiff can do "150 minutes of

moderate physical activity/cardio a week," which amounts to approximately a half hour per day of moderate physical activity.[6]  R. 3299.

Although the ALJ recognized Plaintiff's heart attack in March of 2021, there is no clear articulation of how, or even if, all Plaintiff's resultant exertional limitations were evaluated from that point.  The Commissioner frames Plaintiff's position as simply asking the Court to re-weigh the evidence or substitute its judgment for that of the Commissioner, (Comm'r's Br., p. 4), but the Court finds this is instead a case where the ALJ failed to provide the requisite "sufficient rationale linking the record evidence to the RFC determination."  Weber v. O'Malley, No. 8:23-cv-2723, 2024 WL 4589790, at *4 (M.D. Fla. Oct. 28, 2024) (collecting cases).  Rather, the ALJ seized on one portion of the cardiac rehabilitation notes – to the exclusion of all other information in that record – as a basis for determining Plaintiff could perform the full range of medium work even after a significant cardiac emergency.  While the ALJ need not mention every piece of evidence in the record, Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (*per curiam*), neither may the ALJ cherry-pick only the portions of evidence supportive of the decision without adequate explanation.  See Sharon D. v. Comm'r, Soc. Sec. Admin, Case No. 1:23-cv-2520, 2024 WL 4649132, at *1-2 (N.D. Ga. Sept. 26, 2024) (explaining ALJ may not cherry-pick supportive information – to the exclusion of other limitations from same source – without providing explanative rationale); Pease as Next Friend of OKP v. Kijakazi, No. CV 121-136, 2022 WL 1772985, at *4-5 (S.D. Ga. June 1, 2022) (explaining adherence to substantial evidence standard

---

[6]The Court is aware the record has the handwritten, 150-minute limitation on the same page as a pre-printed instruction for at least 30 minutes of exercise most, if not every day of the week, but does not find the slight variation as impactful as the Commissioner does in his brief. Comm'r's' Br., p. 13.  The administrative opinion does not explain how either exercise limitation is consistent with an ability to do a full range of medium work or medical opinions cited by the ALJ as supporting an RFC for medium work, at least as of March 2021.

9

does not allow for ALJ to ignore or disregard parts of record), *adopted by* 2022 WL 2276346 (S.D. Ga. June 23, 2022) (Hall, J.)

In the absence of the requisite clear explanation of the ALJ's reasoning linking the record evidence to the RFC determination as of June 30, 2021, the case should be remanded. Weidlich v. Comm'r of Soc. Sec., No. 22-13309, 2023 WL 8015753, at *2 (11th Cir. Nov. 20, 2023) (*per curiam*) ("Substantial evidence cannot support the ALJ's decision without a clear explanation."); Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1269 (11th Cir. 2019) ("[T]he ALJ's failure . . . to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal in its own right." (internal quotations and citation omitted)); see also Wiggins, 679 F.2d at 1389 ("Failure . . . to provide the reviewing court with the sufficient basis to determine that the correct legal principles have been followed is grounds for reversal." (footnote omitted)).

The Court offers no opinion on what a complete and accurate review of the administrative record might conclude on Plaintiff's applications. Indeed, the Court cannot now engage in an administrative review that was not done in the first instance at the administrative level, but rather must examine the administrative decision as delivered. Mills v. Astrue, 226 F. App'x 926, 931-32 (11th Cir. 2007) (*per curiam*) (acknowledging evidence in the record not mentioned by the ALJ may support administrative decision but concluding that court could not "say the error was harmless without re-weighing the evidence," which would require "conjecture that invades the province of the ALJ"); see also Martin v. Heckler, 748 F.2d 1027, 1031 (5th Cir. 1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]").

For the reasons set forth above, the Court cannot affirm the administrative decision as supported by substantial evidence. As such, remand is warranted.

Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the five-step sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

## IV.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 1st day of April, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA